Good morning, Your Honors. Lisa Solano-Peterson for Defendant Dennis Tyrone Johnson. There's a few issues that I'd like to discuss, which I felt was not adequately addressed in the briefs. The first issue is I want to bring to the Court's attention that Mr. Johnson would be subject to the new amendments in regards to the crack cocaine mandatory minimums. Because at the time he was sentenced, the amount of crack cocaine was 100.4 grams, and now that's changed, I believe, to 200. But they're not retroactive, are they? Pardon? Those aren't retroactive, those new changes that went into effect in August. I think that's up in the air right now. I'm not certain what the Court's going to do with it, but I'm just bringing it to the Court's attention. If it does become retroactive, I think this case is appropriate for remand, because although he was sentenced, although the Court recognized that he was entitled to safety valve relief, at the same time, right before he was sentenced, the Court said that the mandatory minimum sentence was the appropriate sentence, and that was actually what he received. So if the mandatory minimum is different, the Court may very well have given him a different sentence. The guidelines aren't mandatory. The only thing that would be mandatory would be the minimum sentence other than the impact of the safety valve. But it seemed to me the Court was very careful in reviewing all of the reasons why he felt under 3553A that the appropriate sentence was 120 months. Right. And that would make that sentence reasonable under the circumstances, wouldn't it? Well, that's up to the Court to decide. But my only point is that had the mandatory minimum been different, the Court may have decided differently. So that's just the point. I thought he recognized that the mandatory minimum didn't apply. Right. But at the same time, he said that was the appropriate sentence. Now, if that had been different, the mandatory minimum had been different, the Court may have decided differently, that's just the defendant's position. And then the other issue is in regards to the special conditions of supervised release, and in regards to the appeal waiver of the special condition. The government has stated that the case of Watson and Joyce apply, but in those cases the appeal waiver involved an appeal of any aspect of the defendant's sentence. And there was also a reference to 18 U.S.C. Section 3742, which mentions supervised release. So basically, the defendant in Joyce, the appeal waiver specifically mentioned 3718 U.S.C. 3742, and so the defendant was specifically waiving his rights under that statute to appeal his condition of supervised release. And in Watson, the Court said because the waiver was for any aspect of the defendant's sentence, that would encompass his rights under Section 3742. But in this case, the appeal waiver is just a waiver of the defendant's sentence. It doesn't mention anything beyond that. And in the Cope case, the Court actually differentiated between the term, the length, the term of the supervised release and the conditions of supervised release, and the Court appeared to say that the term would be part of the sentence and subject to appeal waiver in regards to the sentence, but the conditions are separate. So at the very least, the appeal waiver is ambiguous and therefore should be construed against the government. Could I ask you to address on the issue of the terms of supervised release, which is down the road a piece, but in any event, you've challenged the gang association proviso as being unconstitutional. Right. And I assume the appeal waiver doesn't necessarily waive objections to something that is unconstitutional, but we can argue about that. Right. In any event, assuming that we were able to reach that, the way it's framed says he's prohibited from substantial contact with persons having substantial contact with the gang. Now, the Sotero case was a substantial contact or a contact with gang members. So what this seems to add is an intermediate layer, and I'm trying to understand how you are interpreting that would be applied, that would be prejudicial to Mr. Johnson, substantial contact with persons having substantial contact with the gang. What is it that you're concerned about? Okay. Well, the difference is we're talking about people who have – we're not just talking about gang members. We're talking about people who have a relationship, a substantial contact relationship, association with somebody in the rolling 30s gang. And that could basically include a lot of law-abiding citizens, like, for example, somebody's mother or somebody's child or, you know, close childhood friend, whatever. And my point is, for example, in a troubled neighborhood, in reality there could be a lot of people who have some sort of relationship with a member of a gang. And therefore, are we saying that the defendant is prohibited from associating with a substantial amount of the people in the neighborhood? That's why I'm saying that it's overbroad. And in the case that I cited in my 20HA letter, the Napalo case, that was in regards to contact with people who were convicted of misdemeanors, and the court said that that was overbroad for the reason that it could include a lot of law-abiding citizens that have nothing to do with the point of having that sort of condition, which is, you know, you don't want to go back to old haunts, the old ways, get back into gang activity, you know, for purposes of deterrence. I mean, somebody's mother, somebody's kid, something like that, you know, that's got nothing to do with those goals. So how would you have that construed, then, or changed to a cut? To specifically relate to gang members and not persons associated with gang members. You would eliminate, it would simply be substantial contact with the gang as opposed to persons associated. That's what's overbroad. Without the intermediaries. Okay. Right. And, of course, there's the aspect of the clothing, but I think that's addressed in the brief. So everything else is in the brief, and I'd like to reserve my time unless the Court has further questions. That's fine. You may. Good morning, Your Honors. May it please the Court. Chris Rappellum with the plaintiff in Appalachia, United States. Your Honors, the defendant in this case waived his right to appeal all nonconstitutional sentences handed down by the district court. And for that reason, this Court should affirm the district court's sentence in all respects and for the reasons that I'll address. First, the appellant contends that the Rule 11 colloquy initiated by the district court was insufficient for the reason that, one, the district court did not make sufficient inquiry, that the defendant understood his appeal waiver or his waiver of appeal pursuant to the plea agreement, and, second, that the defendant did not initiate that waiver knowingly, intelligently, and voluntarily. The record belies that characterization because although the defendant did have to retract one of his responses in addressing Judge Anderson's questions, the defendant did, in fact, on the record, state that he understood the terms of the plea agreement that government counsel read at the change of plea hearing and that he was willing to waive them pursuant to that change of plea. If, well, beyond that step, Your Honors, the government also contends that the sentence itself was reasonable and for a variety of reasons. As the Court has already identified, Judge Anderson did not tether his sentence or his determination to the then-applicable mandatory minimum sentence for 50 grams of crack cocaine. The judge correctly recognized that the government and the defendant had agreed. An argument that a sentence is reasonable, though, is not an argument that it's unconstitutional, so it should be covered by the waiver, if all we're arguing about is reasonableness. Yes, Your Honor. Our position is that the appeal waiver does, in fact, cover the sentence to the extent that the appellant does not contend that it's unconstitutional. But putting that issue aside, if the Court decides that the appeal waiver is somehow limited or that the Rule 11 colloquy was somehow insufficient, then our argument would be that the sentence itself was still reasonable. This Court has recognized that under Booker, district courts, that the reasonableness standard under the Booker jurisprudence both works to the advantage and the disadvantage of defendants. District courts have the right, excuse me, the responsibility under our current sentencing regime to accord reasonable sentences. Guideline sentences, whether, excuse me, outside of guideline sentences, whether they go above the guidelines or below the guidelines, are not presumptively unreasonable. To the extent that the district court looked at and considered the then-sentencing guidelines on the crack cocaine issue, though, why wouldn't it be appropriate to, if the guideline application has retroactive applicability, why wouldn't it be appropriate to remand to the district court, to let the district court consider whether the change in the guidelines would affect the sentence? I believe, Your Honor, that the district court, that at the time of sentencing, the district court was using the guidelines as modified by the November 2007. It was? Yes, retroactive reduction in the applicable guidelines range. There's been no change in the guidelines post the calculation of the sentence? Not since November 2007. I know when that came down. I just wasn't putting this in connection with time. Right. The Sentencing Commission has not yet changed the guidelines in light of the Fairness in Sentencing Act. Now, once that change is made, the government's position would still be that. That's not before us. Right. Right. Okay. So, okay. And then my second question is on the conditions, this issue of the association with association. I mean, quite candidly, I'm troubled by that because I don't see any parallel to that in Soltero. It's introducing a level of contact. The argument, as I understand it well, that it will be construed to avoid over-breath, but I'm not sure how you construe that to avoid over-breath, because substantial contact with persons having substantial contact with a gang, as counsel said, could be the mother of somebody. You live in a neighborhood. How do you know whether somebody has substantial contact with somebody who is a gang and may be a totally law-abiding person? So where's the constraint on that? I would have three responses to that, Your Honor. The first is that in Soltero, this Court has already recognized that where the term associate is used as a noun, that that, the use of that phrase in a supervised release condition is permissible. It's not. Wait a minute. Where did Soltero justify substantial contact with persons having substantial contact with a gang? Well, Soltero only went to the first step. Yes, sir, it did. Right. So there wasn't a discussion of the verb form of associate. Forget it. Let's read it as it is. Right. Tell me what it means. Does it mean the mother of somebody who's a gang member? What it would mean is that the defendant would have more than incidental contact with someone who has more than incidental contact. He has very strong contact because the mother of the gang member happens to be an employer in the neighborhood who gave Mr. Johnson a job. Okay. Now, he has very substantial contact with the mother of a gang member, but it's a pure employer-employee relationship. Now, tell me how you construe that narrowly to avoid violation of supervised release. The construction, Your Honor, would turn on then the mother's relationship with the Roland 30, with the Roland 30 gang. Yeah, she's the mother. She's got substantial contact. The kid lives at home. It's her child. The gang member of the Roland 30s lives in the home with his mother. She absolutely disapproves of his being a Roland 30s gang member, but she'd rather have him at home than living out on the streets, and she also happens to run the local neighborhood grocery store, and she employs Mr. Johnson to give him a way to reenter society in a productive capacity. Violation of this clause? It would be. Yes, it would be. It would be. And why isn't that unconstitutional? This Court has recognized that even where supervised release conditions prohibit otherwise legal activities that would burden liberty interests that would not be recognized as to non-releasees, those conditions are valid to the extent that they meet the three tests that are set forth in the law. No, but why isn't that provision just unconstitutionally vague? I understand that we may want to prohibit something that's a little broader than we ordinarily would need to, and that might not violate the Constitution itself, but why isn't this provision unintelligible? He is going to have no idea in advance who he can associate with and who he can't. Under a literal reading of that provision, he cannot report to his probation officer because his probation officer has substantial contact with people who are in gangs. Well, shall he not return the call from his probation officer? I'm not sure that that defect existed post-Sotero, Your Honor, respectfully. What this condition prohibits are those who have more than incidental contact. But you're not sure, are you? And I'm not either. Wait a minute. You say he has more than incidental? The more than incidental will, in Judge Bybee's hypothetical, where's the incidental aspect? That's regular. It's regular contact with probation, right? And the probation officer has regular contact probably with gang members. We've sort of got a law of transitivity going on here. We have no clue where that's going to lead us. This is like, you know, two degrees of separation problem. I would still contend, Your Honor, that that construction, to the extent a supervised release condition prohibited a supervisee from relating to his or her probation officer. Let's suppose that we thought that provision was infirm. Does the government have a suggestion as to how that provision might be reformed? Would the government like to weigh in on that at this point? Or would the government just like the court to try and figure it out for itself? Well, no. To the extent, Your Honor, that the court sees that we're too far removed from Sotero because of the verb form associate, we could, to the extent that this was required, we could strike that word, Sotero. Strike which word? The term, the word associate. Okay. So what would it want to read? Persons associated, you mean. Persons associated. Strike both of them. Well, not the associate verb form because that's been upheld in Sotero. This Court has recognized that the court, the district court. You can't associate with gang members. That's not the issue. The association with, and that's the with. It's the object of the verb. Right. Okay. And there's an intermediate group of people, very broad, that's been interposed between the gang member and Mr. Johnson. That's the struggle we're having. And it is not, and that construction is not, it does not parallel Sotero, and I recognize that. Well, good. Yes. Now we're on the same plane. Yes. Maybe what we should do is remand it to the district judge who crafted it and ask him and the government to work it out. I still believe that this, that what was handed down by the district court survives, but to the extent, Your Honors, that that's what the court would like, then yes, I would invite that. The problem is that this is a, assuming that the sentence stands, this is a provision that kicks in ten years from now. Yes. Right? And I don't know where I'll be and I don't know where Judge Anderson will be and I don't know where you'll be, so it's probably a good idea to get it right now so some judge, probation officer, whatever, ten years from now doesn't have to try and figure it out. Understood. Okay. Thank you, Your Honors. I'll submit. We have some time left. As the court has pointed out, first of all, just remanding it would not be a solution for the reasons the court stated. And it's quite clear that this supervised release condition is inappropriate and it's got nothing to do with the definition of associate, which was in Soltero, but it has to do, like you say, with what are the people covered. Yeah, we got that. I didn't get the beginning. You're saying I said, the court said it wouldn't make any difference to remand? Why don't you let me finish? It wouldn't make any sense to remand? I thought I was saying we should remand to the district court so the district court can correct it. You think we should correct it? Exactly. By striking it. Right. I believe, you know, remand would be a second choice, but obviously to clear the ambiguity now would be the best choice. Well, we certainly wouldn't remand without telling Judge Anderson what our problem was. Right. Just a simple remand would not be the solution. No, I wasn't suggesting that. And then, like I said, the problem is law-abiding citizens. I think we've gotten the point. Okay. The other point is, in terms of the appeal waiver, the general appeal waiver, it's the defendant's position that when he said he didn't want to waive his right to appeal, that's kind of like if the court is doing a plea hearing and they say, do you want to plead guilty, and the defendant says no. You know, at that point, should the court just push the defendant along and sort of coach him and give him boilerplate, ask boilerplate questions of the defendant, or should the court say, hey, wait a minute, you said you don't want to, you know, you don't want to plead guilty, now what's that about? This is the same kind of situation where he said, I don't want to waive my appeal right, so. Can I just ask you one question? Yes. In entering a plea of guilty out here in this circuit, do you have to use that form of petition to enter a plea of guilty with about 50, 45 questions on it? Do you have a form of any kind like that that you use? No. Okay. Thank you. Case argument is submitted. Thank you for your arguments. There's more about that condition that I don't like. What do you do about buttons and cameras and everything else? I don't know. You put that in there, too. Yeah. And then everyone's here. Yeah. Everyone's here. Everybody's here.
judges: Strom, Fisher, Bybee